IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal No. 3:17cr29-02

VERSHAWN JACKSON

## MEMORANDUM OPINION

Before the Court is the defendant's Letter Motion for Compassionate Release (ECF No. 285), the defendant's MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF FIRST STEP ACT (ECF No. 297) and supporting memorandum (ECF No. 299), the United States' Response in Opposition to Defendant's Motion for Compassionate Release (ECF No. 301), the DEFENDANT'S REPLY MEMORANDUM TO GOVERNMENT'S RESPONSE (ECF No. 305), the FIRST SUPPLEMENT TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. SECTION 3582(C)(1)(A) AND THE FIRST STEP ACT (ECF No. 306), the United States' Status Report on the COVID-19 Infection at FCI Fort Dix (ECF No. 309), the DEFENDANT'S SUPPLEMENTAL REPORT AND REPLY (ECF No. 313), the Joint Status Report Regarding Defendant's Motion for Compassionate Release Pursuant to Section 603(b) of the First Step Act (ECF No. 316), the supporting exhibits submitted in the case, and the entire case file. For the reasons set forth below, the defendant's Letter Motion for Compassionate Release (ECF No. 285) and the defendant's

MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF FIRST STEP ACT (ECF No. 297) will be granted.

## BACKGROUND

The defendant pled guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. His Criminal History Category was III. The defendant actively participated in a conspiracy run by his father for many years. The conspiracy involved insurance fraud and the setting of fires to collect on insurance policies. However, the defendant, although complicit in the offense conduct, did not engage in any violent activity. The Government claims that the defendant is a danger to the community, but it bases that assertion only on the offense conduct and the conduct does not bear out the proof that he is violent or a danger to the community.

## DISCUSSION

The applicable statute, 18 U.S.C. § 3582(c)(1)(A), provides, in pertinent part, that, upon appropriate motion, the Court "may reduce the term of imprisonment . . . if it finds that 'extraordinary and compelling reasons' warrant such a reduction." It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i). United States v. White, 378 F. Supp.3 784, 785 (W.D. Mo. 2019).

The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the Bureau of Prison's statutory role, and extensive professional efforts to curtail the virus' spread. United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, inter alia, the guidance of the CDC, and non-binding policy statements of the United States Sentencing Guidelines. See United States v. Beck, 425 F. Supp. 3d 573, 581-82 (M.D.N.C. 2019). The policy statements are not binding but are informative and may be considered. United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020). The cases teach that, to constitute extraordinary and compelling reasons for compassionate release, medical conditions must be serious. Also, it is generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020).

To establish existence of "extraordinary and compelling" reasons for compassionate release because of COVID-19, the defendant must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at

3

[his] prison facility." United States v. White, \_\_\_\_\_ F. Supp.3d \_\_\_\_\_, 2020 WL 1906845, at *1 (E.D. Va. April 23, 2020) (quoting United States v. Feiling, 453 F. Supp.3d 832, 840 (E.D. Va. 2020)).

### 1. Particularized Susceptibility

The defendant has established that he has Type II Diabetes and that he is obese and has hypertension. The United States concedes that he meet the CDC guidelines for potential higher risk of COVID-19. However, the fact that a defendant has established a higher susceptibility to COVID-19 does not resolve the particularized susceptibility requirement. It appears that the conditions on which Jackson bases his motion are "chronic conditions that can be managed in prison [and thus] are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020). In addition, Jackson has not established that his medical needs cannot be met while incarcerated and, indeed, the medical records filed herein outline that he receives regular medical care, adjustment of his medications, and testing related to the chronic health issues. Further, Jackson's medical records show that medical treatment in prison has produced a reduction of weight from 310 pounds to 237 pounds and a significant reduction in the A1C level that marks diabetes.

However, Jackson has contracted COVID-19 and has had viral pneumonia. He now suffers from coughing and shortness of breath.

In sum, Jackson has met the particularized susceptibility risk facet of the applicable test.

### 2. Particularized Facility Risk

Jackson has met the particularized facility risk component of the appropriate test. He has shown that Ft. Dix has the highest rate of COVID-19 positivity of any federal prison. And, the data submitted by the United States tends to confirm that.

On this record, Jackson has shown that the defendant's Letter Motion for Compassionate Release (ECF No. 285) and the defendant's MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF FIRST STEP ACT (ECF No. 297) should be granted.

## CONCLUSION

For the reasons set forth above, the defendant's Letter Motion for Compassionate Release (ECF No. 285) and the defendant's MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF FIRST STEP ACT (ECF No. 297) will be granted. A separate Order shall enter.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 30, 2021

5